# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:04-CR-355 JCM (PAL) |
|---|---|
| Plaintiff, | Date: N/A |
| v. | Time: N/A |
| GILBERTO AGUILAR-NARANJO, | |
| Defendant. | |

### ORDER

Presently before the court is defendant's motion to set aside forfeiture (#109). The government filed a response (#120), and the defendant filed a reply (#125).

In his motion, Mr. Aguilar-Naranjo requests this court set aside the administrative forfeiture in the amount of $14,800.00 in United States currency made by the Federal Bureau of Investigation on October 4, 2005. Additionally, he requests the return of $6,000.00 in United States currency, and the return of his 1997 BMW 328 and 1993 Cadillac El Dorado, which were seized on or about September 7, 2004.

### *The BMW and Cadillac*

As evidenced by defendant's exhibit E to his motion, the FBI does not have and did not process the two vehicles for forfeiture. *See* defendant's motion to set aside forfeiture #109, ex. E. The North Las Vegas Police Department impounded both the Cadillac and BMW and towed the

**James C. Mahan**
**U.S. District Judge**

vehicles to Quality Towing. The United States does not possess or have in its control the BMW or the Cadillac. Therefore, this court does not have jurisdiction over the property.

*Currency*

In his motion, Mr. Aguilar-Naranjo erroneously asserts that the alleged notification of the administrative forfeiture regarding the currency was not done properly pursuant to 19 U.S.C. § 1607. When property is seized for civil administrative forfeiture, the seizing agency sends "[w]ritten notice of seizure . . . to each party who appears to have an interest in the seized [property]" and publishes "for at least three successive weeks" the notice of seizure. 19 U.S.C. § 1607(a); *see also United States v. $46,588 in U.S. Currency and $20.00 in Canadian Currency*, 103 F.3d 902, 903 (9th Cir. 1996). The regulation requires the publication to be "once a week for at least 3 successive weeks in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought." 21 C.F.R. § 1316.75 (2004).

On October 14, 2004, the FBI served Naranjo at the City of Las Vegas Detention Center. Additionally, on October 14, 2004, the FBI served Naranjo through Naranjo's attorney, Michael V. Cristalli. The return receipt indicated that notice was received on October 18, 2004.

On October 29, 2004, November 5, 2004, and November 12, 2004, the FBI published notice of seizure and intended forfeiture of the seized money once a week for three successive weeks in the *Wall Street Journal* pursuant to 19 U.S.C. § 1607(a).

The FBI's service of process of the civil administrative forfeiture notice on Naranjo and his attorney and the publication in the *Wall Street Journal* met the requirements of 19 U.S.C. §1607 because (1) the FBI knew Naranjo had an interest in the $14,800.00, (2) the FBI took reasonable steps to provide Naranjo with notice, (3) the FBI served Naranjo and his attorney with written notice, (4) Naranjo and his attorney received the written notice, and (5) the FBI published its notice for three consecutive weeks in the *Wall Street Journal*, a newspaper of general publication. *See Chairez v. United States*, 355 F.3d 1099, 1100-01 (7th Cir.), *cert. denied*, *Chairez v. United States*, 543 U.S. 823, 125 S. Ct. 37 (2004).

**James C. Mahan**
**U.S. District Judge**

- 2 -

**James C. Mahan**
**U.S. District Judge**

1    Pursuant to 18 U.S.C. § 983(2)(A)-(B), any person claiming property seized may file a claim
2  after the seizure; however, the claim may not be filed later than the deadline set forth in the personal
3  notice letter. Here, Naranjo and his attorney had until November 18, 2004, to file a claim to contest
4  the civil administrative forfeiture. Naranjo and his attorney failed to do so.

5    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to set
6  aside forfeiture (#109) be, and the same hereby is, DENIED.

7    DATED this 8th day of June, 2006.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE